IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARUP US INC., § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | Case No. 3:24-cv-00128-B |
| § | |
| SANDRA AKMANSOY, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Defendant Sandra Akmansoy's Motion to Dismiss Plaintiff's Original Complaint (ECF No. 11) based on the Texas Citizens Participation Act (TCPA). The District Judge referred the case to United States Magistrate Judge Rebecca Rutherford for pretrial management pursuant to 28 U.S.C. § 636(b). Order (ECF No. 5). For the reasons that follow, the District Judge should DENY Defendant's motion to dismiss.

**Background**

In its Original Complaint for Declaratory Judgment, Plaintiff Arup US, Inc. (Arup US) alleges that Defendant began working with Arup US-affiliated entities beginning in 2003. Compl. ¶ 7 (ECF No. 1). Defendant worked in Spain and in Denmark, and she came to Texas in 2019. *Id.* at ¶¶ 7, 8. Defendant allegedly became an employee of Arup US following a corporate reorganization in 2021. *Id.*

1

at ¶ 8. Plaintiff insists that Defendant "was never employed by Arup Group Limited, a United Kingdom corporation" (Arup UK). *Id.* at ¶ 9.

During her employment at Arup US, Defendant "primarily worked from the Dallas office," and "reported to Dallas leadership." *Id.* Plaintiff terminated Defendant's employment on September 9, 2023 when it "eliminated [her] position at the Dallas office." *Id.* at ¶ 10.

Several months after her termination, an attorney representing Defendant in the UK wrote a demand letter to Arup UK's Board of Directors of accusing Arup US and Arup UK of discrimination and retaliation and threatening litigation "under UK causes of action and under US federal statutes," including the Family Medical Leave Act (FMLA), and the Americans with Disabilities Act (ADA).[1] *Id.* at ¶¶ 11-12.

In response to these threats, Arup US filed its Original Complaint seeking a declaratory judgment that (1) Defendant "was solely an at-will employee of Arup US, a New York corporation, during the term of her employment with Arup US and (2) that any alleged legal obligations or statutory violations are solely governed by Texas and/or US federal law." *Id.* at ¶ 18. Arup US claims its "declaratory judgment lawsuit seeks to forestall [Defendant's] attempt to sidestep the exclusive

---

[1] More recently, Defendant also claimed Arup US discriminated against her on the basis of her gender and age in violation of Title VII and the Age Discrimination in Employment Act (ADEA). *See* Mot., Ex. C (ECF No. 11).

2

jurisdiction of the statutorily designated U.S. agency and courts." Resp. 2 (ECF No. 12).

Defendant filed an Answer to the Complaint, asserting that she "worked at management level on a range of assignments and global projects worldwide for over 20 years assigned to her by the Group Board, the Directors of [Arup UK], registered in the UK." Answer 11 (ECF No. 4). She claims that even when she held a position in Dallas, she was under contract with Arup UK in a continuing role as a "Europe Region Board member until [March 31, 2021]," and the contract stated that "this is in addition to your operational role and responsibilities with [Arup UK] which continue." *Id.* at 12. She also claims that "[Arup US] is incorporated in the state of New York and is a subsidiary of [Arup UK] registered in London, United Kingdom" for the proposition that "New York state law as well as UK law also apply [to her case]." *Id.* at 14.

Defendant also filed "a 'career loss' disability and sex discrimination and protected disclosure (whistleblowing) detriment claim" with the UK Employment Tribunal. *Id.* at 9, 16; Def.'s Status Report 4 (ECF No. 15). Mediation between the parties as to the UK claims was unsuccessful and the UK Employment Tribunal set a schedule for further proceedings, including hearings on January 15-17, 2025. *See* ECF Nos. 14 and 15.

Thereafter, Defendant filed a charge with the EEOC claiming that Arup US discriminated against her based on sex, age, and disability. Def.'s Status Report 4

3

(ECF No. 15); Resp. to Mot. Dismiss 6 (ECF No. 12). And later, she filed a separate claim for retaliation, which the EEOC accepted. Def.'s Status Report 4.

In this case, Defendant seeks dismissal of Plaintiff's Original Complaint pursuant to the Texas Citizens Participation Act (TCPA), Tex. Civ. Prac. & Rem. Code, Ch. 27 (ECF No. 11). Plaintiff responds that the TCPA does not apply to lawsuits in federal court and, even if it did, Defendant fails to establish that the TCPA would require dismissal in a Texas state court. Resp. 2-3 (ECF No. 12). Plaintiff also argues that, to the extent Defendant seeks dismissal based on a claim of deference to the EEOC or UK Employment Tribunal, "that argument is without merit." *Id.*

## Legal Standard & Analysis

Strategic Lawsuits Against Public Participation (SLAPP) lawsuits are "non-meritorious actions generally brought by corporations against private citizens with the goal of obtaining an economic advantage over a citizen party by increasing the cost of litigation to the point that the citizen party's case will be weakened or abandoned." Theodore Z. Wyman, Annotation, *Applicability of State Anti-SLAPP Statutes in Federal Diversity Cases*, 45 A.L.R. Fed. 3d Art. 4 (2019). In response, many states have enacted "anti-SLAPP" statutes that give a defendant "the ability to file a special motion to dismiss on the ground that the action is a prohibited SLAPP suit." *Id.*

The TCPA is Texas's anti-SLAPP statute, which is aimed at effectuating a speedy process for resolving litigation implicating the rights to free speech,

4

petition, or association. *Davila v. Kroger Texas, LP*, 2020 WL 2331079, at *2 (N.D. Tex. May 8, 2020) (citing *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019). "Under the statute's burden-shifting framework, courts are required to dismiss cases if a movant shows 'by a preponderance of the evidence' that the action is based on the movant's listed rights unless the non-movant responds with 'clear and specific evidence' establishing 'a prima facie case for each element of the claim in question.'" *Id*. "The burden then returns to the movant to show 'by a preponderance of the evidence the essential element of a valid defense' to obtain dismissal." *Id*.

But the Fifth Circuit has concluded that the TCPA does not apply in federal court. *Klocke*, 936 F.3d at 245 (explaining that because the TCPA "imposes additional requirements beyond those found in Rules 12 and 56 and answers the same question as those rules, the state law cannot apply in federal court"); *see also Parker v. Spotify USA, Inc.*, 569 F. Supp. 3d 519, 539 (W.D. Tex. 2021) (holding post-*Klocke* amendments to the TCPA did not cure the issues with the overlap between the federal rules and the state statute). Accordingly, the District Judge should DENY Defendant's motion to dismiss.

## Recommendation

Because the TCPA does not apply in federal court, the District Judge should DENY Defendant's anti-SLAPP Motion to Dismiss (ECF No. 11).

5

**SO RECOMMENDED**.

January 27, 2025.

                                              _____
                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).